**BEIBEI ZHANG, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,\* Respondent.**

**No. 07–2119–ag.**

United States Court of Appeals, Second Circuit.

Oct. 16, 2009.

---

\* Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case. Fed. R.App. P. 43(c)(2).

Frances N. Ruiz, Jamaica, New York, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Christopher C. Fuller, Alison Marie Igoe, Senior Litigation Counsel, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JOSÉ A. CABRANES, DEBRA ANN LIVINGSTON[1], Circuit Judges.

*SUMMARY ORDER*

Petitioner Beibei Zhang, a native and citizen of the People's Republic of China, seeks review of the April 18, 2007 order of the BIA affirming the August 31, 2004 decision of Immigration Judge ("IJ") Robert D. Weisel, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Beibei Zhang,* No. A076 106 064 (B.I.A. Apr. 18, 2007), *aff'g* No. A076 106 064 (Immig. Ct. N.Y. City Aug. 31, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA's decision closely tracks but does not expressly adopt the IJ's reasoning, we may consider both decisions "for the sake of completeness." *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008). When the BIA agrees with the IJ's decision and supplements that decision, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). Questions of law and the application of law to undisputed fact are reviewed *de novo. See Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008). Factual findings, including adverse credibility determinations, are reviewed for substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

■ As a preliminary matter, we decline to consider Zhang's allegations that she received ineffective assistance from the attorney who represented her before the agency because she did not first present those claims before the BIA. *See Yi Long Yang v. Gonzales,* 478 F.3d 133, 142 (2d Cir.2007) ("We generally require that ineffective assistance [of counsel] claims be

---

1. Judge Debra Ann Livingston, originally a member of this panel, recused herself from this case. The remaining two members of the panel, who are in agreement, decide this case in accordance with Second Circuit Local Rule 0.14(b).

presented in the first instance to the BIA, either through a motion to reopen or on direct appeal.").

■ Zhang argues that the BIA erred in rejecting her attempts to invoke the "state-created danger doctrine" as a basis for relief. Zhang's argument raises an issue of first impression in this Circuit, but we see no reason to disagree with the BIA's conclusion, which relies on cases holding that the state-created danger doctrine does not apply in immigration proceedings. *See, e.g., Kamara v. Att'y Gen.,* 420 F.3d 202, 216–18 (3d Cir.2005). Accordingly, we will not disturb the BIA's conclusion in this regard.

■ An alien is ineligible for asylum if "there are reasonable grounds for regarding the alien as a danger to the security of the United States." *See* 8 U.S.C. § 1158(b)(2)(A)(iv); 8 C.F.R. § 208.13(c)(1). Similarly, an alien is ineligible for withholding of removal if "there are reasonable grounds to believe that the alien is a danger to the security of the United States." *See* 8 U.S.C. § 1231(b)(3)(B)(iv); 8 C.F.R. § 1208.16(d)(2). Zhang challenges the agency's application of the national security bar to her claims for relief, but Zhang's brief to this Court challenges only one of the agency's several findings in support of its conclusion that there were reasonable grounds for regarding her as a threat to the security of the United States. She has therefore waived any challenge to the remaining findings. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Moreover, we are unpersuaded by her conclusory argument, unsupported by citations to any legal authority, that the agency erred by basing its application of the national security bar on her testimony and written statements that she knew the nature of her mission in the United States and assisted her cousin in pursuing that mission.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).